# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRADLEY KOCSIS,

    *Plaintiff,*

vs.

    Case No. 14-2167-EFM

DAVID KENDALL,

    *Defendant.*

## MEMORANDUM AND ORDER

In less than one week's time, a jury will hear evidence to determine whether or not Defendant David Kendall caused Plaintiff Bradley Kocsis unconstitutional harms and severe emotional distress. Now, however, the Court must determine whether or not the jury will hear Kocsis testify in person or by videotape deposition. By his Motion for a Writ of Habeas Corpus Ad Testificandum (Doc. 156), Kocsis asks the Court to direct the Sedgwick County, Kansas Detention Facility—currently responsible for his care—to produce him in federal court for a brief, testimonial appearance at his civil trial. By his Alternative Motion For Discovery (Doc. 168), Kocsis requests leave to conduct a videotape deposition before trial. For the reasons discussed below, the Court grants Kocsis' motion to issue a writ of habeas corpus ad testificandum and denies as moot Kocsis' alternative discovery motion.

Kocsis does not have an absolute right to attend his civil trial.[1]  But in its discretion under 28 U.S.C. § 2241(c)(5), the Court may order the Sedgwick County, Kansas Detention Facility to produce Kocsis for his trial.[2]  To earn his "day in court," Kocsis must convince the Court that notwithstanding concerns of docket control, logistics, security, and expense, he needs to be present.[3]

Candidly, docket management favors Kocsis' request.  Kocsis' trial is less than one week away.  The Court carefully has arranged its docket to accommodate this trial, along with a number of other commitments.  Particularly in the week leading up to Kocsis' trial, those other commitments substantially limit the Court's availability.  That in mind, the Court is concerned by the alternative prospect of an "eleventh hour" video deposition.  Particularly, the Court is concerned that any resulting evidentiary matters needing the Court's pretrial attention could delay trial.  Accordingly, the Court finds that live testimony is best suited to preventing any disruption to the Court's docket.

Logistical concerns also favor Kocsis' request.  The parties represent that Kocsis need be present only one day at trial, and only long enough to testify.  Kocsis' detention facility is located 0.3 miles from the site of his trial.  And Kocsis' counsel represents that the Sheriff of Sedgwick County has agreed to transport Kocsis for trial.  These circumstances convince the Court that no significant logistical hardship will result from granting Kocsis' request.

---

[1] *Hawkins v. Maynard*, 89 F.3d 850, 1–2 (10th Cir. 1996) (citation omitted).

[2] 28 U.S.C. 28 U.S.C. § 2241(c)(5) ("The writ of habeas corpus shall not extend to a prisoner unless [i]t is necessary to bring him into court to testify or for trial."); *see also Hawkins*, 89 F.3d at 1 (citation omitted).

[3] *Hawkins*, 89 F.3d at 1.

Security matters neither favor nor disfavor Kocsis' request.  Kendall argues that Kocsis' prior and pending criminal charges make him too great a security risk to authorize his presence at trial.  Whatever risk Kocsis presents, the Court disagrees that Kocsis' brief presence at trial presents so great a risk that the Court should outright deny his request.  Instead, the Court is satisfied that the United States Marshal will adequately address any potential security risks associated with Kocsis' appearance at trial.  As such, security concerns balance evenly.

More than the other factors, the potential expense of Kocsis' request concerns the Court.  For Kocsis to attend trial, the Court will need to appoint at least two United States Marshal to oversee his custody.  Those services come at some expense.  But given the absence of any transportation costs and the limited duration of Kocsis' presence in federal court, the expense of those security services will be limited.  Accordingly, the expense of Kocsis' request weighs only slightly against authorizing his request.

Nonetheless, the Court finds that the harm of refusing Kocsis' request outweighs the potential expense.  Considering that the alleged harms in this case occurred outside the presence of any witnesses other than Kocsis and Kendall, Kocsis' testimony is "potentially critical."[4]  Yet Kocsis has not been deposed in this case.  Thus, Kocsis' case will be prejudiced if he is not allowed to testify.  Because live testimony avoids the expense and docket management concerns of a videotape deposition, presents no prohibitive logistical or security concerns, and creates too limited an expense to outweigh Kocsis' need to testify, the Court will give Kocsis his day in court.  Accordingly, the Court need not consider Kocsis' alternative motion for leave to conduct a videotape deposition.

---

[4] *Brown v. Gray*, 2008 WL 2540705, at *2 (D. Kan. June 18, 2008) (quoting *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 112 (4th Cir. 1988)).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for a Writ of Habeas Corpus Ad Testificandum (Doc. 156) is hereby **GRANTED**.  The clerk of this Court is instructed to issue a Writ of Habeas Corpus Ad Testificandum as requested by Plaintiff.  Specifically, such writ shall issue to the Sheriff of the Sedgwick County, Kansas Detention Center to bring Plaintiff Bradley Kocsis before the Court on June 7, 2016, at 8:00 AM, as a witness in the above-entitled cause and to be returned to the detention center as soon as Plaintiff's testimony is complete.  The United States Marshal shall, at the courthouse, make its services available and provide all assistance necessary to secure the Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Alternative Motion For Discovery (Doc. 168) is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 2nd day of June, 2016.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE