## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BRADLEY KOCSIS,**

        **Plaintiff,**

**v.**                                        **Case No.  14-2167-EFM**

**DAVID KENDALL,**

        **Defendant.**

_____

## JURY INSTRUCTIONS

INSTRUCTION NO. _____1_____

The time has now come for me to explain to you the law that will govern your jury deliberations.

You are duty bound to follow the law as I explain it to you in the instructions that I am about to give you. You as jurors are the sole judges of the facts. This means that you must take the law as I explain it to you and apply the law to the facts revealed by the evidence.

Do not single out any one instruction alone as stating the law. Rather, consider my instructions in their entirety.

Also, do not concern yourselves with the wisdom of the law. Despite any opinion you may have about what the law should be, you would violate your sworn duty if you were to base your verdict upon any view of the law other than that given to you in these instructions.

INSTRUCTION NO. _____2_____

Plaintiff claims that on April 15, 2012, Defendant, a detention deputy, entered Plaintiff's jail cell and forced him to have anal sex in violation of his constitutional rights (claim 1) and by extreme and outrageous conduct causing Plaintiff severe emotional distress (claim 2).

Plaintiff has the burden to prove his claims by a preponderance of the evidence.

Defendant denies the allegations.

INSTRUCTION NO. _____3_____

Plaintiff's first claim is based on a federal civil rights statute known as Chapter 42 of the

United States Code §1983.   This statute provides as follows:

> "Every person who under color of any statute, ordinance,
> regulation, custom, or usage, of any State ... subjects, or causes to be
> subjected, any citizen of the United States ... to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law ...."

Acts are done under color of law when a person acts or falsely appears or falsely claims

or purports to act in the performance of official duties under any state, county or municipal law,

ordinance or regulation.

An official acts under color of state law even if he abuses the position given him by the

State while acting in his official capacity or while exercising his responsibilities pursuant to state

law.

INSTRUCTION NO. _____4_____

To succeed on his constitutional claim under 42 U.S.C. § 1983, Plaintiff must prove the following by a preponderance of the evidence:

First: Defendant forced Plaintiff to have anal sex;

Second: As a direct result, Plaintiff was damaged; and

Third: Defendant was acting under color of state law.

INSTRUCTION NO. _____5_____

If you find in favor of Plaintiff on his first claim, you must award him an amount of money that will fairly compensate him for any actual damages you find he sustained as a direct result of the violation of his constitutional rights by Defendant. That is for you to decide.

You should consider the following elements of actual damages:

1) Any physical pain and suffering experienced by Plaintiff; and

2) Any emotional distress suffered by Plaintiff.

Any damages award you make must have a reasonable basis in the evidence. It need not be mathematically exact, but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork. The burden is upon the Plaintiff to prove the existence and amount of damages and that these damages were caused by the acts or omissions of the Defendant. You are not permitted to award speculative damages.

You should not consider the fact that I have instructed you about the proper measure of damages as an indication of my views regarding which party is entitled to your verdict in this case. That is entirely for you, the jury, to decide. I am giving you instructions about damages solely to provide you with guidance if you should find in favor of Plaintiff.

INSTRUCTION NO. _____6_____

Defendant pled "no contest" and was convicted of six counts of the state crime of Attempted Unlawful Sexual Relations with inmates.   One of those convictions related to Plaintiff.   The crime of Attempted Unlawful Sexual Relations prohibits a deputy from attempting to have consensual sexual relations with an inmate.   However, conviction of that crime does not constitute violation of the U. S. Constitution.   A constitutional violation occurs when a deputy forces an inmate to have sex.   Defendant is not asserting that he had consensual sexual relations with Plaintiff.

INSTRUCTION NO. _____7_____

In his second claim, Plaintiff has alleged that as a result of the alleged forcible anal sex by Defendant, he suffered emotional distress.    Plaintiff has the burden of proving by a preponderance of the evidence that he suffered damages as a result of the forcible anal sex for which Defendant is responsible.    Emotional distress may include such things as indignity, humiliation, shame and embarrassment.

If Defendant intentionally or recklessly caused severe emotional distress to the Plaintiff by extreme and outrageous conduct, then the Defendant is liable to the Plaintiff for the emotional distress.  To establish this cause of action Plaintiff must prove:

1.  The Defendant acted intentionally, or in reckless disregard of the Plaintiff;

2.  the Defendant's conduct was extreme and outrageous;

3.  the Defendant's conduct caused the Plaintiff's emotional distress; and

4.  Plaintiff's emotional distress was extreme and severe.

To find that the Defendant's conduct was extreme and outrageous, you must find the Defendant's conduct was so outrageous in character, and so extreme in degree that it goes beyond the bounds of decency.  You must also find Defendant's conduct was atrocious and utterly intolerable in a civilized community.

To find that the Plaintiff's emotional distress was extreme and severe, you must find that the emotional distress suffered by the Plaintiff was genuine and so severe, and to such an extreme degree, that no reasonable person should be expected to endure it.

## INSTRUCTION NO. _____8_____

If you determine that Plaintiff has proven by a preponderance of the evidence that he experienced emotional distress as a result of forcible anal sex by Defendant, you may award him damages on his second claim for those injuries.    No evidence of monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence.    No exact standard exists for fixing the compensation to be awarded for this type of damages.    The damages that you award must be fair compensation – no more, no less.

When considering the amount of monetary damages to which Plaintiff may be entitled, you should consider the nature, character and seriousness of any emotional distress suffered by Plaintiff.    You must also consider its extent or duration, as any award you make must cover the damages endured by Plaintiff since the alleged forcible anal sex, to the present time, and even into the future if you find as fact that the proof presented justifies the conclusion that Plaintiff's mental anguish and its consequences have continued to the present time or reasonably can be expected to continue in the future.

Any damages award you make must have a reasonable basis in the evidence.    It need not be mathematically exact, but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.  The burden is upon the Plaintiff to prove the existence and amount of damages and that these damages were caused by the acts or omissions of the Defendant.  You are not permitted to award speculative damages.

You should not consider the fact that I have instructed you about the proper measure of damages as an indication of my views regarding which party is entitled to your verdict in this case.  That is entirely for you, the jury, to decide.  I am giving you instructions about damages solely to provide you with guidance if you should find in favor of Plaintiff.

INSTRUCTION NO. _____9_____

If you find, by a preponderance of the evidence, that the Plaintiff is entitled to a verdict on his first claim for actual or compensatory damages, pursuant to Instruction 5, and you further find that the acts of the Defendant, which proximately caused actual injury or damage to the Plaintiff, was maliciously or recklessly done, then you may, but are not required to, add to the award of actual damages such amount as you shall unanimously agree to be proper, as punitive damages.   The burden is on the Plaintiff by a preponderance of the evidence that the acts of the Defendant were maliciously or recklessly done.  Punitive damages are awarded for the purpose of punishing the Defendant for engaging in misconduct and for discouraging the Defendant and others from engaging in similar misconduct in the future.   You should presume that the Plaintiff has been made whole for his injuries by the damages awarded under Instruction 5.

An act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge toward the injured person individually.

An act is "reckless" if done in wanton or callous disregard of, or indifference to, the rights of the Plaintiff.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

> 1.  How reprehensible the Defendant's conduct was.   In this regard, you may consider whether the harm suffered by the Plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety.

2.  How much harm the Defendant's wrongful conduct caused the Plaintiff and could cause the Plaintiff in the future.   You may not consider harm to others in deciding the amount of punitive damages to award.

3.  What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the Defendant's financial condition, to punish the Defendant for his wrongful conduct toward the Plaintiff and to discourage the Defendant and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the Plaintiff.

Whether or not to make any award of punitive damages, in addition to actual damages, is a matter exclusively within the province of the jury.   Any amount of such extraordinary damages, if awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

You should not consider the fact that I have instructed you about the proper measure of punitive damages as an indication of my views regarding your verdict in this case.   That is entirely for you, the jury, to decide.   I am giving you instructions about damages solely to provide you with guidance if you should find punitive damages appropriate.

INSTRUCTION NO. _____10_____

Plaintiff also claims that Defendant acted in a willful, wanton and malicious manner toward Plaintiff with respect to his second claim.  If you find from a preponderance of the evidence that Plaintiff should be awarded actual damages on his second claim, pursuant to Instruction 8, then you may, but are not required to, award punitive damages to the Plaintiff to whom you awarded actual damages.  Punitive damages may be allowed in the jury's discretion to punish a Defendant for extraordinary misconduct and to warn others not to engage in similar conduct.

The burden is on the Plaintiff to prove by clear and convincing evidence that the Defendant acted in a willful, wanton and malicious manner.

An act is "willful" if it is done with a designed purpose or intent on the part of a person to do wrong or to cause an injury to another.

An act is "wanton" if it is performed with a realization of the imminence of danger and a reckless disregard or complete indifference to the probable consequences of the act.

"Malice" is a state of mind characterized by an intent to do a harmful act without a reasonable justification or excuse.

If you decide to award punitive damages in this case, then in assessing the amount of such damages, you may consider the following:

> (1)    the likelihood at the time of the alleged misconduct that serious harm would arise from the Defendant's misconduct;
>
> (2)    the degree of the Defendant's awareness of that likelihood;
>
> (3)    the profitability of the Defendant's misconduct;

12

(4)    the duration of the misconduct and any intentional concealment of it;

(5)    the attitude and conduct of the Defendant upon discovery of the misconduct; and

(6)    the financial condition of the Defendant.

Any award of punitive damages must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

You should not consider the fact that I have instructed you about the proper measure of punitive damages as an indication of my views regarding your verdict in this case. That is entirely for you, the jury, to decide. I am giving you instructions about damages solely to provide you with guidance if you should find punitive damages appropriate.

INSTRUCTION NO. _____11_____

Plaintiff has the burden of proof on his claims.   "Burden of proof" means burden of persuasion.  In this case, depending on the particular claim, one or another level of burden of proof will apply.

A party who must prove something by a <u>preponderance of the evidence</u> must persuade you that his claims are more probably true than not true.  To prove that something is more probably true than not true does not necessarily mean by the greater number of witnesses, or the length of the presentation of testimony, but rather by the greater weight of the evidence, taken together – that is, that evidence upon any question or issue which convinces you most strongly of its truthfulness.  If the evidence on an issue is equally balanced, then the party having the burden to establish that issue must fail.

A party who must prove something by <u>clear and convincing evidence</u> must persuade you of the truth of its claim by evidence that is "clear" in the sense that it is certain, plain to understand, and unambiguous, and "convincing" in the sense that it is so reasonable and persuasive as to cause you to believe it.  To prove something by clear and convincing evidence is a higher standard than by a preponderance of the evidence, however, it does not require proof beyond a reasonable doubt.

In determining whether a party has met either burden of proof you will consider all the evidence, regardless of which party produced the evidence.

INSTRUCTION NO. _____12_____

You may consider as evidence everything that was admitted during trial such as witness testimony (in person or by deposition), an article or document marked as an exhibit, or any other matter admitted into evidence such as an admission, agreement, or stipulation. You must entirely disregard any evidence with respect to which I sustained an objection or which I ordered stricken.

You may consider only the evidence offered in this courtroom, and these instructions I am giving you. You should not rely on any other facts or authority. Specifically, you should not do any computer research on your own about any matters relating to this case, you should not look up words in a dictionary for definitions different or beyond what I give you here, and you should not consult any other similar sources.

You are to consider only the evidence admitted in this case, but you are not limited to considering only the bald statements of witnesses. In other words, you are not limited solely to what you see and hear. You are permitted to draw reasonable inferences based on your experience if reason and common sense lead you to draw particular conclusions from the evidence.

Counsel's statements and arguments are not evidence unless they are admissions or stipulations. When the attorneys for both parties agree that a particular fact exists, that is referred to as a "stipulation" and the jury must accept that stipulation as true.

INSTRUCTION NO. _____13_____

At times during trial, I ruled on the attorneys' objections to admitting certain items into evidence. Questions relating to the admissibility of evidence are solely questions of law for me. You must not concern yourselves with the reasons for my rulings and do not draw any inferences from my rulings. Consider only the evidence admitted.

Some of the exhibits may contain redactions. The portions of those exhibits have been redacted either because I have excluded the redacted portions from the evidence or because the parties have agreed that the redacted portions should not be admitted. You should disregard any redactions just as you would disregard any other evidence that I have excluded from the record.

INSTRUCTION NO. _____14_____

During the trial, certain testimony has been presented by way of deposition.   The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.   The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath or on a videotape.   Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

## INSTRUCTION NO. _____15_____

Although you must consider all of the evidence, you are not required to accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider the witness' relationship to the party; any interest the witness may have in the outcome of the case; the witness' manner while testifying; the opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness' candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail, and should keep in mind that innocent misrecollection – like failure to recall – is not uncommon.

In addition, while you must consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

INSTRUCTION NO. _____16_____

You are to determine the weight and credit to give each witness' testimony. You have a right to use common knowledge and experience in evaluating witnesses' testimony.

A witness may be discredited or "impeached" by contradictory evidence, or by evidence that at some other time the witness has made an oral or written statement or testified in a deposition in a manner which is inconsistent with the witness' present testimony, if on a matter which is material to the issues.

You may consider such evidence only insofar as it may impact the witness' credibility -- that is, only in deciding the weight and credit to be given to that witness' testimony.

If you believe that any witness has been so impeached, then it is your exclusive function to give the testimony of that witness such credibility or weight, if any, you think it deserves.

INSTRUCTION NO. _____17_____

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

It is for you to decide whether a fact has been proved by circumstantial evidence.  In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

INSTRUCTION NO. _____18_____

Certain testimony has been given in this case by experts; that is, by persons who are specially qualified by experience or training and possess knowledge on matters not common to mankind in general. The law permits such persons to give their opinions regarding such matters. The testimony of experts is to be considered like any other testimony and is to be tried by the same tests, and should receive the same weight and credit as you deem it entitled to, when viewed in connection with all the other facts and circumstances, and its weight and value are questions for you.

INSTRUCTION NO. _____19_____

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

All persons stand equal before the law and are to be dealt with as equals in a court of justice.

INSTRUCTION NO. _____20_____

I have not intended in anything that I have said or done – not in these instructions, in any ruling, or in any action or remark I may have made during trial – to suggest how I would resolve any of the issues in this case.

You will now hear closing arguments from counsel. Because the Plaintiff has the burden of proof, he is entitled to split his argument time to go first and last. Following closing arguments, I will have a few remaining instructions to give you concerning your deliberations.

INSTRUCTION NO. _____21_____

The Court has permitted you to take notes during this trial, if you wanted. If you did take notes, remember that any notes that you have taken are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. Your notes are not evidence.

If you did not take notes, you should not be influenced by the notes of other jurors but should rely on your independent recollection of the evidence. Even if you did take notes, you should not be unduly influenced by the notes of other jurors if they differ from yours. There can be a tendency to attach too much importance to what someone has written down, but notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony. Remember, something that may not have seemed important at the time, and thus was not written down in your notes, may take on greater importance later in the trial in light of all the evidence presented, the Court's instructions on the law, and the final arguments.

Therefore, don't attach undue importance to your notes, or be unduly influenced by another juror's notes. Your notes are not evidence, and are by no means a complete summary of the trial. They are only an aid to your memory, and it is your collective memory that is your greatest asset in deciding this case.

INSTRUCTION NO. _____22_____

Your verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree upon the verdict and your verdict must be unanimous.

As jurors, you have a duty to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violating your individual judgment. Each of you must decide the case for yourself, but do so only after considering the evidence impartially with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if you become convinced that it is wrong. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges – judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

INSTRUCTION NO. _____ 23 _____

A suggestion by the Court – technically not an instruction upon the law – may assist your deliberations. The attitude of jurors at the outset of and during their deliberations is important. It is seldom productive for a juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion upon the case or to announce a determination to stand for a certain verdict. The reason is obvious: we are all human and it is difficult to recede from a position once definitely stated, even though later convinced it is unsound.

Jurors are selected for the purpose of doing justice. This presupposes and requires deliberation – counseling together in an effort to agree. Have in mind at all times, therefore, that you are a deliberative body, selected to function as judges of the facts in a controversy involving the substantial rights of the parties. You will make a definite contribution to efficient administration of justice when and if you arrive at a just and proper verdict under the evidence which has been admitted. No one can ask more and you will not be satisfied to do less.

INSTRUCTION NO. _____24_____

When you retire to the jury room, you should first select one of you as the foreperson to preside over your deliberations, speak for the jury when in court, and sign the verdict.

The next thing you should do is read the Court's instructions. One of the purposes of the instructions is to guide your deliberations. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict is based, but for your verdict to be valid, you must follow the Court's instructions throughout your deliberations. Remember, you are judges of the facts, but you are bound by your oath to follow the law as stated in the instructions. Your verdict must be founded entirely upon the evidence admitted and the law that I have given to you in these instructions.

Your verdict must be unanimous. A form of verdict has been prepared for your convenience. Once you reach a unanimous verdict, the foreperson should complete the verdict form pursuant to its instructions, date and sign it, and then notify my clerk that you have reached a verdict. The foreperson will carry the completed verdict into the courtroom and, after we have returned to the courtroom, hand it to the clerk when instructed to do so.

INSTRUCTION NO. _____ 25 _____

   If it becomes necessary during your deliberations to communicate with me, please reduce

your message or question to writing and give the note to my clerk, who, in turn, will pass the

note along to me.  The note must be signed by your foreperson or by one or more of you.  I will

then respond as promptly as possible, either in writing, or by having you return to the courtroom

so that I can address you orally.  You should never, in any written note that you might send, or in

any comments, state or specify your numerical division at any time, until you have reached a

unanimous verdict.

   During your deliberations, you must also not communicate with, or provide any

information to, anyone about this case by any means.  None of you should ever attempt to

communicate with me about the merits of the case in any way other than by a signed writing.  I

will not communicate with any of you on any subject involving the merits of the case other than

in writing, or orally here in open court.


_June 8, 2016_____
Date


_____
Eric F. Melgren
United States District Judge